**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**TERRY KURT ODOM**                                                    **PLAINTIFF**

**VERSUS**                                                   **CAUSE NO.: 1:20CV00030-JMV**

**COMMISSIONER OF SOCIAL SECURITY**                   **DEFENDANT**

**<u>FINAL JUDGMENT</u>**

This cause is before the Court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying a claim for a period of disability and disability insurance benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The Court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the Court's ruling from the bench during a hearing held November 24, 2020, the Court is unable to find the Commissioner's decision is supported by substantial evidence in the record. Specifically, the ALJ failed to address—and there is no indication he properly considered—the claimant's therapist's (Neomia Gant's) opinion that limitations proffered in her July 18, 2018, mental impairment questionnaire were present during the relevant period.[1] Moreover, beyond the therapist's opinion, there is no medical opinion of

---

[1] Opinions from sources who are not acceptable medical sources must be considered, and a therapist's report may be used to show the severity of a mental impairment and how it affects the claimant's ability to work. *See*

record regarding the claimant's ability to perform the mental demands of work during the relevant period.[2]  Indeed, the ALJ acknowledged the severity of the claimant's mental impairments and ongoing medication therapy during the relevant period but, nevertheless, concluded—based on his own lay opinion regarding the claimant's ability to perform the mental demands of work—that the residual functional capacity ("RFC") he assigned "adequately accommodate[d] the mental restrictions imposed by the claimant's major depressive disorder, somatic symptom disorder and generalized anxiety disorder."[3]  At the

---

*Porter v. Barnhart*, 200 Fed. App'x 317, 319 (5th Cir. 2006).  *See also* 20 C.F.R. § 404.1527(f)(2) ("The adjudicator generally should explain the weight given to opinions from these sources [who are not acceptable medical sources] or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case.").  Here, in view of the fact the claimant had been adjudicated disabled well before the date of the therapist's assessment, an explanation regarding the evaluation of the retrospective aspect of the therapist's opinion would have satisfied the Court the ALJ had properly considered that opinion.

[2] In this case the ALJ indicated the therapist's opinion was rendered "significantly after the alleged onset date and date last insured" but did not mention the retrospective aspect of the opinion, of course.  And while the ALJ stated he incorporated "some of the limitations" indicated by the therapist, the Court is unable to discern which ones.  For example, the therapist opined the claimant suffered from "marked" limitations in three of the broad areas of functioning (possibly indicating a listing-level impairment) and in eleven more narrow categories.  Furthermore, the ALJ did not point to any evidence that contradicted the therapist's opinion.  *See* SSR 06-03p, 2006 WL 2329939, at *3 ("Opinions from these medical sources, who are not technically deemed 'acceptable medical sources' under our rules . . . should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file.").  *See also* 20 C.F.R. § 404.1527(f)(1) ("Depending on the particular facts in a case, and after applying the factors for weighing opinion evidence, an opinion from a medical source who is not an acceptable medical source . . . may outweigh the medical opinion of an acceptable medical source, including the medical opinion of a treating source. For example, it may be appropriate to give more weight to the opinion of a medical source who is not an acceptable medical source if he or she has seen the individual more often than the treating source, has provided better supporting evidence and a better explanation for the opinion, and the opinion is more consistent with the evidence as a whole.").

[3] Other than the therapist's assessment, there is no medical opinion regarding the claimant's ability to perform the mental demands of work, function-by-function, during the relevant period.  A state agency consultant concluded that based on Dr. Whelan's April 2017 report, the claimant's mental condition had "worsened" and he did not appear to be capable, without mental health treatment, to sustain an ordinary work routine.  However, the ALJ afforded "little weight" to that consultant's conclusion (which was based on an incorrect conclusion there was a gap in mental evidence between 1/9/14 and 4/20/17) that there was insufficient evidence to determine the severity of the claimant's mental impairments for the relevant period because the ALJ found the claimant's impairments were severe.  Indeed, the claimant's primary care physician's records indicate his condition went from a mood that improved with a change in medication in February 2015 to a mood that declined to "abnormal" and "anxious and despairing" from August 2015 through February 2017.  Ultimately,

2

very least, the ALJ had a duty to further develop the record by obtaining the opinion of a physician regarding the claimant's ability to perform the mental demands of work during the relevant period.[4]

On remand, the ALJ must issue a new decision. First, the ALJ must secure the opinion of a competent medical advisor who—after reviewing all the claimant's medical records—must provide an opinion regarding the claimant's mental RFC (function-by-function) for the relevant period. Then, if necessary, the ALJ must obtain supplemental vocational expert evidence regarding the claimant's ability to perform work during the relevant period. Finally, the ALJ may conduct any additional proceedings not inconsistent with this judgment.

---

the ALJ played doctor when he crafted a mental RFC assessment for the relevant period without the assistance of a physician, particularly in view of the fact the ALJ's assessment conflicts with (without adequate explanation) the uncontroverted assessment of a mental health therapist. It is well established in this District and the Fifth Circuit that an ALJ may not "play doctor" and substitute his own opinion in place of a medical professional's. *See Melvin v. Astrue*, No. 1:08CV264-SAA, 2010 WL 908495, at *4 (N.D. Miss. March 9, 2010) ("Although the ALJ is afforded discretion when reviewing facts and evidence, he is not qualified to interpret raw medical data in functional terms; if an ALJ reaches conclusions as to a claimant's physical exertional capacity without a physician's assessment or in contradiction of a physician's medical assessment, then the decision is not supported by substantial evidence.") (citations omitted); *Frank v. Barnhart*, 326 F.3d 618, 621-22 (5th Cir. 2003) (noting an ALJ is not permitted to "draw his own medical conclusions from some of the data, without relying on a medical expert's help" and citing with approval the Seventh Circuit's warning to "ALJ's against 'playing doctor' and making their own independent medical assessments") (quoting *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990)). *See also Ripley v. Charter*, 67 F.3d 552, 558 n.27 (5th Cir. 1995) (finding substantial evidence did not support the ALJ's RFC determination because the court could not determine the effect the claimant's conditions, "no matter how 'small,'" had on his ability to work, absent a report from a qualified medical expert); *Williams v. Astrue*, 355 F. App'x 828, 831 (5th Cir. 2009) (reversing and remanding because the ALJ improperly interposed his own opinion when there was "no evidence supporting the ALJ's finding that [Plaintiff] can stand or walk for six hours in an eight-hour workday"); *Thornhill v. Colvin,* No. 3:14cv335-M, 2015 WL 232844, at *10 (N.D. Tex. Jan. 16, 2015) (citing *Ripley* and noting the problem with the ALJ's RFC determination was "the ALJ rejected any medical opinion addressing or touching on Plaintiff's condition's effect on her ability to work and relied on progress notes that do not themselves address Plaintiff's work limitations").

[4] While the Court does not agree with Plaintiff's suggestion a medical advisor's opinion was needed to determine a disability onset date, the Court agrees with the argument a competent medical opinion was needed to assist the ALJ in determining Plaintiff's mental RFC during the relevant period.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this case is **REVERSED and REMANDED** for further proceedings consistent with this judgment.

This, the 2nd day of December, 2020.

/s/ Jane M. Virden
U.S. MAGISTRATE JUDGE